

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 11, 2019

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Village of Scarsdale v. Internal Revenue Service et al.*, No. 19 Civ. 6654 (PGG);
             *State of New Jersey et al. v. Mnuchin et al.*, No. 19 Civ. 6642 (PGG)

Dear Judge Gardephe:

      This Office represents the Internal Revenue Service ("IRS"); the Department of the Treasury; Charles P. Rettig, Commissioner of the IRS; and Steven T. Mnuchin, Secretary of the Treasury, who are the defendants (together, the "Government") in both of the above-referenced related actions (the "Scarsdale Case" and the "State Case"). Both complaints challenge, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, the legality of certain regulations recently promulgated by the IRS with regard to the federal deductibility of charitable contributions for which the donor receives a state tax credit. The State Case also brings a related claim under the Regulatory Flexibility Act ("RFA"), 5 U.S.C. § 601 *et seq.* The parties write respectfully, pursuant to the Court's order of September 27, 2019, *see* Scarsdale Case Dkt. No. 23, to present to the Court their respective proposals regarding the upcoming briefing in this matter.

      In short, the Government seeks to move to dismiss the two complaints because Plaintiffs lack standing; because the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a), and the tax exception to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a), deprive this Court of subject-matter jurisdiction to hear these cases; and because the States' RFA claim is not cognizable. In the Government's view, confining initial briefing to these dispositive threshold issues brought pursuant to a Rule 12(b) motion will serve the interest of judicial efficiency. Plaintiffs, in contrast, would like to combine the Government's motion to dismiss with the parties' cross-motions for summary judgment on the merits of their claims. The parties' positions are laid out more fully below. We respectfully ask that the Court decide how, and on what schedule, it would prefer the briefing to proceed.[1]

---

[1] The parties are mindful of the Court's pre-motion conference requirement for Rule 12 and Rule 56 motions, and respectfully request that the Court consider this letter to satisfy that requirement. However, the parties would be happy to submit separate pre-motion conference letters if the Court wishes.

*The Government's Proposal*

The Government's motion to dismiss should be heard before any consideration on the merits of the Plaintiffs' claims. The bases on which the Government plans to move go primarily to the jurisdiction of this Court to hear this dispute: Plaintiffs' standing to pursue their claims, and the statutory withdrawals of jurisdiction in the AIA and DJA over certain tax-related disputes. The very point of resolving issues like this separately, at the outset of a case, is to avoid the necessity of presenting courts with the merits of cases over which there is no jurisdiction. *See, e.g.*, *MacIssac v. Town of Poughkeepsie*, 770 F. Supp. 2d 587, 599 (S.D.N.Y. 2011) ("Standing ought to be evaluated at the outset of the litigation, and continually thereafter . . . . [S]tanding is a threshold question, and . . . if, on the face of the complaint, the plaintiff has failed to allege facts sufficient to support standing, a court may not proceed to entertain the underlying request for relief."); *Raines v. Byrd*, 521 U.S. 811, 820 (1997) (courts "must put aside the natural urge to proceed directly to the merits . . . and to 'settle' [them] for the sake of convenience and efficiency"); *see also New York v. U.S. Dep't of Agric.*, No. 19 Civ. 2956 (ALC), Dkt. Nos. 36-38 (agreeing that Government's motion to dismiss APA claims by New York State should be briefed separately before the merits). Judicial economy, no less than the interest in avoiding burdening the parties with briefing unnecessary issues, strongly weighs against delving into the merits of a case before the Court's jurisdiction is ascertained.

In this case, Plaintiffs challenge recent IRS regulations that determine that taxpayers may not claim federal tax deductions for charitable donations in exchange for which they receive substantial state-tax credits. Plaintiffs—three states and a municipality—are not directly affected by this regulation even though they have authorized (and in the case of Scarsdale, established) charities offering such incentives. Any injury arising from this regulation would be suffered only by taxpayers seeking to take federal deductions that are now disallowed. Moreover, the States lack standing to pursue claims under the RFA, which provides relief only (as relevant here) to "small governmental jurisdiction[s]." Further, the AIA and DJA make clear that federal courts may not hear preemptive challenges to tax rules, but rather only challenges brought by taxpayers if their disputes with IRS remain unresolved once their returns are fully processed. Plaintiffs' citation below to Judge Oetken's recent decision in *New York v. Mnuchin* is inapposite. While that case and the present two cases all relate broadly to the recent congressional cap on the federal state and local tax deduction, the standing and AIA inquiries in these cases are comfortably distinguishable from those in the prior case, even assuming that the court's decision on those issues was correct.

The Government thus proposes the following briefing schedule: the Government will move to dismiss the Plaintiffs' complaints by **November 26, 2019**; the Plaintiffs will oppose the motion to dismiss by **December 17, 2019**; and the Government will submit its reply brief in support of its motion to dismiss by **January 14, 2020**.

In the event, however, that the Court would prefer the parties to brief their summary judgment motions together with the Government's motion to dismiss, the Government will need additional time to complete the preparation of the administrative record and the much more extensive briefing required for summary judgment on the merits. In that scenario, the Government proposes the following schedule: the Government would file its combined motion to

dismiss and motion for summary judgment, along with the administrative record, on **December 20, 2019**; the Plaintiffs would oppose the Government's motions and cross-move for summary judgment by **January 31, 2020**; the Government would file its reply in support of its motions and its opposition to the Plaintiffs' cross-motion by **February 28, 2020**; and the Plaintiffs would file their reply in support of their cross-motion by **March 20, 2020**.

*Plaintiffs' Proposal*

Plaintiffs believe that the Government's proposed schedule would unnecessarily delay the disposition of these actions. Plaintiffs and their taxpayers need clarity on the validity of the Government's new interpretation of 26 U.S.C. § 170 to make informed tax planning and budgeting decisions. Moreover, the Government's proposed schedule is unlikely to obviate the need for briefing and a decision on the merits in light of well-established precedent recognizing the Court's jurisdiction over Plaintiffs' claims. Just last week, the Honorable J. Paul Oetken, U.S.D.J., denied the federal government's motion to dismiss the plaintiff states' claims for lack of standing and for lack of jurisdiction under the AIA in a decision on the constitutionality of the new cap on the federal tax deduction for state and local taxes. *See New York v. Mnuchin*, No. 18-CV-6427, 2019 WL 4805709 (S.D.N.Y. Sept. 30, 2019). Plaintiffs anticipate that the arguments raised in the Government's 12(b)(1) motion will be nearly identical to those rejected by Judge Oetken. Accordingly, Plaintiffs submit that the Court is unlikely to dispose of these actions on jurisdictional grounds, and that delaying a decision on the merits will unnecessarily prolong these proceedings and burden both the parties and the Court. Furthermore, if the Government ultimately moves to dismiss on Rule 12(b)(6) grounds, they will force the Court to address the merits of Plaintiffs' claims in the course of deciding the Government's Rule 12(b)(6) motion. In that event, it would serve the interest of judicial economy for the Court to resolve all of the issues in these actions through motions for summary judgment, with the benefit of the complete administrative record.

In view of the above, Plaintiffs propose the following schedule. The Government will file its motion to dismiss and for summary judgment and produce the administrative record by **November 26, 2019**. Plaintiffs will file an opposition to the Government's motions and a cross-motion for summary judgment by **January 7, 2020**. The Government will file a reply in support of its motions and an opposition to Plaintiff's cross-motion for summary judgment by **January 28, 2020**. Finally, Plaintiffs will file a reply brief in support of their cross-motion for summary judgment by **February 14, 2020**.

In the alternative, if the Court decides to stagger briefing on jurisdictional issues and the merits, Plaintiffs request that the Court expedite the briefing schedule on the Government's Rule 12(b)(1) motion, in light of the narrow focus on jurisdictional questions. In addition, Plaintiffs request that the Court order the Government to produce the administrative record within 30 days of an order denying the Government's motion to dismiss on jurisdictional grounds, so that further briefing on the merits can proceed as expeditiously as possible.

\* \* \*

We thank the Court for its consideration of this matter.

           Respectfully,

           GEOFFREY S. BERMAN
           United States Attorney

By:   s/Jean-David Barnea
      JEAN-DAVID BARNEA
      REBECCA S. TINIO
      Assistant United States Attorneys
      Tel. (212) 637-2679/2774
      Fax (212) 637-2686

cc:    Counsel for plaintiffs (by ECF)